Dear Mr. Bubrig:
Your request for an Attorney General Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Does the Twenty-Fifth Judicial District have jurisdiction over a criminal offense committed on the New Orleans Naval Air Station Base?
In pertinent part, 18 U.S.C.A. § 7 provides:
 The term `special maritime and territorial jurisdiction of the United States'. . . includes:
 Any lands reserved or acquired for the use of the United States, . . . or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be . . . (Emphasis added).
Further, 40 U.S.C.A. § 255 sets forth that, in order for the United States to gain exclusive jurisdiction over lands it owns, the state in which the lands are situated must consent to that jurisdiction and the United States must expressly accept in writing. See Adams v. United States, 319 U.S. 312,63 S.Ct. 1122 (1943), and Louisiana Attorney General Opinion No. 92-153. Additionally, LSA-R.S. 52:1 allows the United States to have exclusive jurisdiction over the land that it owns except for the administration of criminal laws and civil service of process.
In summary, in order for the United States to have exclusive criminal jurisdiction over crimes committed on the New Orleans Naval Air Station Base, the State of Louisiana must have consented to that jurisdiction and the United States must have filed a document with the Louisiana Governor accepting that jurisdiction. In a 1958 letter from the Assistant Secretary of the Navy (the original of which is deposited in the title files of the Naval Facilities Engineering Command, Department of the Navy, Alexandria, Va.) the United States accepted this exclusive jurisdiction over the federally owned land in Plaquemines Parish (a copy is attached, along with a more legible version thereof). Although there is apparently no recorded document in which Louisiana explicitly states its consent to exclusive jurisdiction by the United States over the land in question, the document evidencing the United States' acceptance of the jurisdiction cites Louisiana's consent as an established fact. Furthermore, the Governor of Louisiana signed the acceptance letter without contesting the jurisdiction. Therefore, there is sufficient evidence that Louisiana has consented to the acquisition of exclusive jurisdiction by the United States over the naval base.
Federal law further provides that exceptions to this exclusive jurisdiction can be made by agreement between the appropriate state and federal officials. See 40 U.S.C.A. § 255. Because your question involved a juvenile matter this writer researched this particular area of jurisdiction.
Since 1985 the Naval Air Station and the State of Louisiana, Department of Social Services, Office of Community Services (OCS) have had a Memorandum of Understanding (MOU) which is renewed on an annual basis. The current agreement is valid through June 30, 1997. This MOU provides guidelines with regard to the protection of children and the investigation of reports of child abuse and/or neglect under LSA-R.S. 14:403 and La. Ch. C. arts. 609—616.
Once OCS has been advised that abuse and/or neglect has possibly occurred on the airbase the MOU allows OCS to work with the Family Advocacy Office located on the airbase to investigate the matter. If abuse and/or neglect is validated and OCS determines that the child or children must be removed from the home, this office contacts the local district attorney, who then seeks a child custody order through state court. According to the agreement, this is the extent to which a district attorney can be involved in juvenile or child protection cases on the base. The agreement does not provide for any criminal jurisdiction to be vested in civilian authorities.
Based upon the foregoing, it is the opinion of this office that the United States has exclusive jurisdiction over criminal offenses occurring on the New Orleans Naval Air Station Base, as such jurisdiction has been acquired, under 18 U.S.C.A. § 7
and 40 U.S.C.A. § 255, by consent of the state of Louisiana and acceptance by the United States.
I hope this opinion has adequately addressed your questions. If this office can be of further assistance, please do not hesitate to contact us.
With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ MARY E. HUNLEY Assistant Attorney General
RPI/meh attachments
FEDERAL ACCEPTANCE OF EXCLUSIVE JURISDICTION
The United states of America holds the fee simple title to land compromising 3,238,990 acres more or less, lying and being situate (sic) in the Parish of Plaquemines on the west side of the Mississippi River, in the State of Louisiana, said lands having been acquired for the purposes of the Federal Government and upon which is presently situate (sic) Alvin Callender Field. The aforesaid lands are more particularly described in Exhibit "A" captioned "Perimeter Description of Proposed Joint Air Reserve Training Center, revised October 23, 1956," attached hereto and made a part hereof and delineated as Exhibit "B" entitled "Property Line Survey, joint Air Reserve Training Center, Alvin Callender Field, DPWO 6950, Y D Drawing No. 545250, revised October 23, 1956," attached hereto and made a part hereof
In accordance with the Revised Statutes, as amended (54 Stat. 1903; 40 U.S.C. § 255) exclusive jurisdiction is hereby accepted over the above mentioned lands by the Department of the Navy on behalf of the United States of America, in the manner and form ceded and granted by the State of Louisiana under the provisions of the Louisiana Revised Statutes of 1950, Title 52, Chapter 1, Section 1.
There are enclosed two carbon copies of this letter of acceptance. Their return in the enclosed (illegible) envelope with your endorsement thereon of the time of the receipt of this acceptance will be appreciated. One copy will be forwarded to the Attorney General of the United States and the other copy will be retained in the real property records of the Department of the Navy.